**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **BANKERS LIFE AND CASUALTY COMPANY,** | |
| Plaintiff, | No. 14 cv 3041 |
| v. | |
| **SALAH ALSHOUBAKI,** | Honorable Robert M. Dow, Jr. |
| Defendant. | Magistrate Daniel G. Martin |

**PLAINTIFF BANKERS LIFE AND CASUALTY COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL**

Plaintiff Bankers Life and Casualty Company, by and through its attorneys Littler Mendelson, P.C., respectfully submits its Reply in Support of its Motion to Compel.

## I. INTRODUCTION

As set forth in its original Motion, Bankers Life sent Defendant Salah Alshoubaki its discovery requests on December 1, 2014, and received responses on January 30, 2015. Since then, Bankers Life has repeatedly tried to engage Defendant to meet and confer about its discovery requests and Defendant's objections, including an in-person meeting after Bankers Life filed its Motion, at this Court's behest. Defendant stonewalled and refused to provide any documents and any substantive information, and further failed to provide any explanation of his objections, forcing Bankers Life to file and then pursue its Motion.

Now, for the first time, in his Response Defendant articulates the basis for his objections and suggests (what he contends is) a reasonable scope for Bankers Life's discovery requests. But, Defendant *still has not produced documents and information that are responsive to the more narrow discovery scope he proposes*. His approach, rather, is "Bankers Life asked for too

much so they get nothing." Bankers Life respectfully requests that this Court order Defendant to produce all of the information and documents sought in its original discovery requests, as those requests are reasonable in scope under the circumstances, and Defendant failed and refused to meaningfully engage in meet and confer efforts, thereby forcing Bankers Life to file its Motion and this Court to waste judicial resources on this motion practice.

In the alternative, Bankers Life asks this Court to order that Defendant provide documents and information consistent with what he suggests is a more reasonable scope of discovery, as discussed more fully below.

## II. ARGUMENT

### A. Defendant's Failure to Provide Information or Documents Regarding His Employment/Affiliation For the Sale of Insurance Products

In Bankers Life's Motion to Compel, Bankers Life moved this Court to compel Defendant to produce documents and information regarding for whom Defendant is working or with whom he is affiliated. (Dkt. 29, p. 3-4). In his Response, Defendant claimed that Bankers Life's Motion was moot regarding this issue, on the basis that documents "are being produced to Bankers Life showing the companies with whom Mr. Alshoubaki has been affiliated." (Dkt. 35, p. 2-3). Note that Defendant offers no explanation as to why he failed to produce this one, obviously relevant document until being forced to do so by the filing of this Motion.

Further, the statement that all responsive documents are being produced is simply not true. Instead of providing documentation showing "[his] appointment, affiliation, or association with any provider of insurance or financial products since January 1, 2012, the terms of [his] appointment and [his] compensation received (including, without limitation, commission summaries and statements, and expense reimbursements)," as requested, on July 23, 2015, Defendant produced a public record maintained by the state of California listing entities for

whom Defendant is permitted to sell insurance. This document is insufficient to respond to the requests. In fact, in Bankers Life's Motion, Bankers Life identified why the information on the California Department of Insurance website was insufficient. (*See* Dkt. 29, p. 3). Defendant offers no response to this point. For example, the document does not identify that Defendant is selling insurance for Brite Blue Insurance, the company created by Defendant and the name under which Defendant sells insurance, a fact that Bankers Life learned only by looking at the Better Business Bureau website. Further, the information provided by these websites does not answer the requests related to the terms of his appointments and the compensation received. Thus, contrary to Defendant's representations, he has still failed to provide the necessary information.

### B. Defendant's Failure to Provide Information or Documents Regarding His Business Activities

Bankers Life sought information regarding to whom Defendant has been selling insurance and the products he is selling, as well as information regarding the compensation and benefits received by Defendant or his current employer related to sales he made that Bankers Life contends violated his restrictive covenants. (Dkt. 29, p. 5-7). Defendant has provided no information in response to these requests.

As explained in Bankers Life's Motion, Bankers Life sought information about all of Defendant's sales so that it could identify sales that breached Defendant's restrictive covenants and not rely on Defendant's representations. This argument fails for two reasons.

First, Defendant's objection comes too late; he failed to articulate any explanation for his objections during numerous telephone calls and an in-person meet and confer. Thus, this Court should find that he has waived his objections as to the scope of the requests. The reason for the meet and confer requirement is to get the parties to consider each other's arguments before

burdening the Court with addressing them, and that becomes meaningless if a party fails to present the argument during the meet and confer process.

Second, Bankers Life should not have to rely on Defendant to go through his files and identify the activities that he believes may constitute a breach (with Bankers Life having no way to challenge the completeness or accuracy of those responses). Allowing Defendant to do this is particularly problematic here, where Bankers Life has reason to believe, as set forth in the Complaint, that Defendant began competing with Bankers Life during his employment, and Defendant has been evasive, and indeed untruthful, during discovery. For example, as stated above, Defendant purportedly produced documents sufficient to show all his insurance affiliations during the relevant period, yet he omitted one which Bankers Life found through online research. Worse, as indicated in Bankers Life's Motion at page 3, Defendant's original response states that he has had no such affiliations whatsoever, which he now admits was inaccurate, by producing a document showing some (but not all) of those affiliations. In this circumstance, it is reasonable for Bankers Life to seek to verify the completeness of the responses.

Relatedly, and having already demonstrated that some of the small amounts of information Defendant already has produced are fundamentally incorrect, on something as basic as "for whom do you work," it is reasonable for Bankers Life to seek a broader category of documents and information so that it can verify completeness. Bankers Life needs the requested information to perform its own analysis of which sales it will contend were in breach of Defendant's restrictive covenants, verify that all pertinent transactions are accounted for, and analyze the proportion of Defendant's post-departure activity that violated the restrictive covenants. Contrary to Defendant's unsupported assertion that because Bankers Life is a "large

insurance company" it can simply be left to its own devices to find out the full extent of Defendant's breaches (Response at 5), the Federal Rules allow a party to pursue such information from its adversary. Bankers Life has been able to identify over 25 breaches by Defendant, but it cannot know of all the breaches because it often does not know, when a policyholder cancels, what, if any, replacement insurance the policyholder purchased. Defendant has access to this information and should be compelled to produce it, in the manner requested such that full disclosure can be verified.

Defendant's argument that the restrictive covenant is unenforceable (Response at 4) fails, because the purpose of discovery is to obtain facts regarding pending claims, and the pending claim is that the restrictive covenants are fully enforceable. If Defendant wishes to assert otherwise prior to trial, he could file a motion to dismiss or for summary judgment, but it is not proper to object to a discovery request on the grounds that "the substantive claim lacks merit, so we will not provide discovery pertaining to that claim." Indeed, because the scope of the referral to the Magistrate Judge in this matter does not include dispositive motions, Defendant's argument is particularly improper.

Further, Defendant entirely ignores Bankers Life's argument, in its Motion at page 6, that Defendant's limiting language in his response, stating that he did not "directly" make certain sales, thereby evading any sales that he may have made indirectly by providing the information to his wife and business partner. Clearly, a full response should be compelled.

Finally, while Defendant contends that Bankers Life's requests are overbroad and suggests what he considers is a more reasonable scope of requests, he *still does not even produce documents and information that are responsive to the more narrow discovery scope he proposes*. Defendant's perspective seems to be "you asked for too much so you get nothing." That is not

consistent with the Federal Rules, and is contrary to this Court's order that the parties meet and confer and the spirit of working cooperatively to resolve their disputes. Indeed, the Federal Rules specifically state that when an objection is made on the grounds that the scope of the request is overly broad, the portion to which there is no objection must be produced. Fed. R. Civ. P. 34 (b)(2)(C)("An objection to part of a request must specify the part and permit inspection of the rest.") Bankers Life is entitled to the production of documents and information responsive to its requests related to Defendant's sale of insurance and the compensation he has received since he ended his affiliation with Bankers Life.

### C. Defendant's Failure to Provide Information or Documents Regarding Income Received by Him Since His Departure From Bankers Life

As explained in its Motion, Bankers Life seeks to compel Defendant to produce information regarding the income he has received since his departure. (Dkt. 29, p. 7-9). As Bankers Life has repeatedly explained to Defendant's counsel, Bankers Life sought information as to compensation received by Defendant that was attributable to breaches of his restrictive covenants by asking for the particulars of sales including compensation paid for those, and documents showing total income, to confirm that the disclosed transactions add up to the reported income totals.

Further, determining income received from these transactions is relevant to determining Bankers Life's damages. Without knowing what Defendant made, and how he made that money, Bankers Life cannot ascertain all of the financial harm it suffered through Defendant's actions in breach of his agreement.

Defendant has provided exactly zero information about his earnings and the compensation he received related to the sale of insurance. Defendant claims his tax returns are not the least obtrusive means of obtaining this information, but Defendant has not offered to

produce *any* information about his income. Nor has Defendant proposed any alternative approach, such as producing the tax returns, and only the W-2 and 1099 Forms regarding sale of insurance, but not other attachments, and redacting information that does not disclose income, such as medical deductions if Defendant feels that such amounts are private.

## III. CONCLUSION

As of the time this Motion was filed, Defendant had failed to produce a single document. Since the filing of this Motion, Defendant has produced one, publicly available document. Defendant has twice stated information regarding the scope of what exists, such as identifying his affiliations with competitive organizations, that is demonstrably incorrect. Such stonewalling should not be tolerated.

For the reasons set forth above and in its original Motion, Defendant should be ordered to supplement his responses to Bankers Life's interrogatories and to produce documents responsive to Bankers Life's discovery requests, responding in full to Interrogatories Nos. 3, 4, 5, 7, 11; and Requests For Production Nos. 3, 4, 5, 7, 10, 11, 12.

Respectfully submitted,

**BANKERS LIFE AND CASUALTY COMPANY**

By: /s/ *Kathryn E. Siegel*
David K. Haase
Kathryn E. Siegel
LITTLER MENDELSON, P.C.
321 N. Clark Street, Suite 1000
Chicago, IL 60654
(312) 372-5520

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Kathryn E. Siegel, an attorney, hereby certifies that on July 27, 2015, she electronically filed ***Plaintiff Bankers Life and Casualty Company's Reply in Support of its Motion to Compel*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Defendant:

David S. Makarski
Schoenberg, Finkel, Newman & Rosenberg, LLC
222 S. Riverside Plaza, Suite 2100
Chicago, IL 60606

*/s/ Kathryn E. Siegel*
Kathryn E. Siegel

Firmwide:134896216.2 054835.1379