**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| **BANKERS LIFE AND CASUALTY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No: 14 C 3041** |
| **v.** | ) | |
| **SALAH ALSHOUBAKI,** | ) | **Magistrate Judge Daniel G. Martin** |
| | ) | |
| **Defendant.** | ) | |

## ORDER

For the reasons and to the extent stated herein, Plaintiff Bankers Life and Casualty Company's Motion to Compel [29] is granted in part, denied in part, and denied without prejudice in part. Defendant shall comply with this Order by 8/17/2015. Status hearing set for 8/27/2015 at 9:30 a.m.

## STATEMENT

Defendant Salah Alshoubaki ("Alshoubaki") is a former employee of Plaintiff Bankers Life and Casualty Company ("Bankers Life"). Bankers Life is in the "business of providing seniors with various insurance and financial products, such as long-term care insurance, life annuities, and Medicare supplemental insurance." Cmplt. at ¶ 1. At the time he resigned his employment with Bankers Life on or about November 1, 2012, Alshoubaki was a Unit Supervisor in Bankers Life's Bay Area Branch. Id. at ¶¶ 6, 32.

In this lawsuit, Bankers Life alleges that Alshoubaki breached restrictive covenants that he owed to Bankers Life by using and disclosing confidential information of Bankers Life and its policyholders, and inducing Bankers Life policyholders to relinquish, surrender, replace or lapse policies issued by Bankers Life. Bankers Life further alleges that during and after his engagement with Bankers Life, Defendant solicited Bankers Life policyholders to move their policies to Allianz, a Bankers Life competitor with whom Alshoubaki had become affiliated. Alshoubaki denies Bankers Life's assertions. Specifically, Alshoubaki denies that he is bound by, or breached, a restrictive covenant owed to Bankers Life.

District Judge Dow has referred this case to the undersigned Magistrate Judge for discovery supervision, resolution of all discovery motions, as well as a settlement conference, if appropriate. The parties are proceeding with discovery. Written discovery was to be completed by July 1, 2015, and oral discovery is to be completed by September 1, 2015. Plaintiff's Motion to Compel is now pending. After reviewing the briefing, the Court rules as follows.

## DISCUSSION

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Upon a showing of good cause, a court may order "discovery of any matter

relevant to the subject matter involved in the action." Id. A court shall limit discovery if it determines the discovery sought to be unreasonably cumulative or duplicative, the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii). Magistrate judges are granted broad discretion in addressing and resolving discovery disputes. Weeks v. Samsung Heavey Indus., Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

Bankers Life's motion seeks to compel the following three main categories of information: (1) information or documents regarding Alshoubaki's employment/affiliation for the sale of insurance products since 2012; (2) information or documents regarding his business activities since 2012; and (3) information or documents regarding income received by Alshoubaki since 2012. Alshoubaki objects to the relevance and breadth of these discovery requests. The Court addresses each disputed category below.

## A. Alshoubaki's Affiliations

A number of Bankers Life's discovery requests seek information and documents regarding for whom Alshoubaki is working or with whom he is affiliated. See Interrogatory Nos. 5, 7, 11; Request for Production Nos. 3, 4, 11. Bankers Life says that Alshoubaki has failed to provide any information about the company with whom he is affiliated or for whom he is working. Bankers Life states that it needs this information in order to assess Alshoubaki's competitive activities and to potentially send a third-party subpoena to this company to the extent Alshoubaki does not possess the requested information. Alshoubaki's response brief says that documents are being produced to Bankers Life showing the companies with whom he has been affiliated since 2012 and the product lines he is authorized to sell for those companies. Alshoubaki asserts that this portion of Bankers Life's motion is therefore moot.

In its reply brief, Bankers Life states that on July 23, 2015, Alshoubaki produced a single public record document maintained by the state of California listing entities for whom Alshoubaki is permitted to sell insurance. Bankers Life explains that the information on the California Department of Insurance website is insufficient and does not respond to its discovery requests. For example, Bankers Life points out that the document does not identify that Alshoubaki is selling insurance for Brite Blue Insurance, the company created by Alshoubaki and the name under which he sells insurance, a fact that Bankers Life learned only by looking at the Better Business Bureau website. Further, Bankers Life states that the information provided by these websites does not answer the portions of the discovery requests related to the terms of his appointments and the compensation received. As Alshoubaki's response brief provides no reason why all of the requested information has not been produced, the motion to compel is granted as to Interrogatory Nos. 5, 7, and 11 and Request for Production Nos. 3, 4, and 11.

.

## B. Alshoubaki's Business Activities

The next category of information and documents sought by Bankers Life relates to whom Alshoubaki has been selling insurance or attempting to sell insurance and what products he has been selling. Bankers Life states that for purposes of assessing its damages, it needs to obtain information regarding the compensation and benefits received by Alshoubaki or his current employer related to sales made by Alshoubaki that Bankers Life contends violated Alshoubaki's restrictive covenants.

Specifically, Bankers Life moves to compel responses to its Interrogatory No. 3 and Production Request No. 4. Interrogatory No. 3 asks Alshoubaki to:

> Identify and describe all sales of insurance and/or financial products in which you were involved since January 1, 2012 for companies other than Bankers Life. For each transaction: state the date of the transaction; the identity of the policyholder; the price paid; the product purchased; and the resulting compensation you received.

Alshoubaki objected to Interrogatory No. 3 on the grounds that it is overbroad and that the phrase "in which you were involved" is vague and ambiguous. Without waiving his objections, Alshoubaki answered: "Mr. Alshoubaki has not written or sold any policies or products to Bankers Life policyholders since his departure from Bankers Life." In a supplemental answer, Alshoubaki stated: "The only 'involvement' Mr. Alshoubaki had with any former or potential Bankers Life customers is described in response to Interrogatory No. 1. Mr. Alshoubaki did not directly solicit any such customers, or directly sell any products to them." Similarly, Bankers Life's Production Request No. 4 seeks:

> Any and all documents sufficient to show the particulars of all sales of insurance and financial products in which you were involved since January 1, 2012 for companies other than Bankers Life. This includes, but is not limited to, the date of the transaction, the identify of the policyholder, the price paid, the product purchased, and the resulting compensation you received, and the Company for which you were working at the time of the sale.

Alshoubaki objected to Production Request No. 4 on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Alshoubaki additionally objected that the term "involved" is vague and ambiguous and subject to multiple interpretations. Without waiving his objections, Alshoubaki stated that he does not possess documents relating to the sale of insurance and financial products to Bankers Life policyholders after his departure from Bankers Life.

In his response brief, Alshoubaki argues that Interrogatory No. 3 and Production Request No. 4 are overbroad on their face and seek information wholly irrelevant to the present dispute. Alshoubaki argues that Bankers Life's discovery requests are not tailored in scope to the claims in the litigation. Alshoubaki points out that the restrictive covenant at issue only prohibits him from "induc[ing] or attempt[ing] to induce" Bankers Life policyholders to "relinquish, surrender, replace or lapse" any such policy "within the territory regularly serviced by the Unit Supervisor's branch sales office." Bankers Life's discovery requests are worldwide (not confined only to the territory served by the branch office in which he worked), cover all sales to any person (not only sales made to individuals who were Bankers Life customers), and cover every type of insurance and financial product (not just the "long-term care insurance, life annuities, and Medicare Supplement" policies which are sold by Bankers Life). In its Complaint, Bankers Life identified 26 of its policyholders whom Alshoubaki allegedly attempted to induce to cancel their Bankers Life policies and purchase policies from other insurers. Alshoubaki contends that Bankers Life's discovery should be limited to these 26 policyholders. Additionally, Alshoubaki argues that the restrictive covenant at issue may be unenforceable under Illinois law to the extent that it prevents him from inducing or attempting to induce *any* Bankers Life policyholders from leaving, even policyholders Alshoubaki had no involvement with, or even knowledge of, during his employment at Bankers Life. Alshoubaki

cites Corroon & Black of Illinois, Inc. v. Magner, 494 N.E.2d 785, 793 (Ill. Ap. 1986), for the proposition that courts "are hesitant to enforce prohibitions against an employee's servicing not only customers with whom they had direct contact, but also customers they never solicited or had contact with while in plaintiff's employ." Alshoubaki asserts that only discovery relating to policyholders that he did business with while at Bankers Life would be relevant. Alshoubaki concludes that Bankers Life is not entitled to any of the material sought in its overbroad discovery requests.

Alshoubaki's objections are sustained in part and overruled in part. The discovery requests are overbroad to the extent that they are not limited to the "territory regularly serviced by the Unit Supervisor's branch sales office." The parties shall meet and confer to confirm that they have the same understanding as to extent of the territory covered by the restrictive covenant. However, within the territory regularly serviced by Alshoubaki's branch sales office, Bankers Life is entitled to discover all sales of insurance and/or financial products in which Alshoubaki was involved since January 1, 2012 for companies other than Bankers Life in order to perform its own analysis of which sales it will contend were in breach of the restrictive covenants. Alshoubaki's suggestion that Bankers Life's discovery requests should be limited to the 26 policyholders it has identified in its complaint is without merit. Bankers Life is entitled to verify the information already in its possession and compare that information to any information produced by Alshoubaki. Also, Bankers Life cannot know of all the breaches because it often does not know, when a policyholder cancels, what, if any, replacement insurance the policyholder purchased. Further, Bankers Life need not rely on Alshoubaki's determination as to the type of insurance and financial product sold or as to individuals who were Bankers Life customers.

In addition, Bankers Life points out that Alshoubaki answered Interrogatory No. 3 and Request for Production No. 4 only as to his involvement in selling to its policyholders after his affiliation with Bankers Life ended on November 1, 2012. Bankers Life's discovery requests are broader, asking for information since January 1, 2012. Because Bankers Life alleges in its complaint that Alshoubaki began competing with Bankers Life during his employment, Alshoubaki must supplement his answer and response to these discovery requests with responsive information and documents since January 1, 2012.

Bankers Life argues that Alshoubaki's supplemental answer to Interrogatory No. 3 is also incomplete because he limited his answer with the use of the terms "directly solicit" and "directly sell." The request for information in Interrogatory No. 3 is not limited to direct solicitations and sales. Instead, Bankers Life asks Alshoubaki to provide information regarding sales of insurance and financial products "in which [he] was involved." Bankers Life explains that Alshoubaki is in business with his wife Trisha Alshoubaki selling insurance. The Better Business Bureau website identifies Defendant Alshoubaki as the Principal and Senior Vice President of Brite Blue Insurance, and Ms. Alshoubaki as the Vice President. Thus, if Alshoubaki identified a Bankers Life policyholder to his wife and asked her to solicit the policyholder, it appears that Alshoubaki's supplemental answer fails to provide that information by stating that he did not "directly" solicit or sell in that situation. Under these circumstances, a complete picture of Alshoubaki's solicitations and sales since January 1, 2012 is clearly relevant. Alshoubaki shall fully and completely answer Interrogatory to No. 3's request for solicitations and sales in which he was involved, directly or indirectly.

Finally, Alshoubaki's argument that the restrictive covenant is unenforceable because it is not limited to prohibiting Alshoubaki from inducing clients he actually serviced or had involvement

with to leave Bankers Life is misplaced. At this stage of the litigation and in the context of a discovery motion, the substantive merits of Bankers Life's claims is not under consideration. The only issue before the Court is whether the requested discovery is potentially relevant to the claims or the defenses in this action. See Fed. R. Civ. P. 26(b)(1). The scope of discovery is framed by the issues raised in the pleadings and not by evaluating the merits of the claims. See Advisory Committee Notes to 2000 Amendment to Rule 26(b)(1) (stating the court "has the authority to confine discovery to the claims and defenses asserted in the pleadings."). Alshoubaki cannot avoid discovery by arguing that he should win on the merits of Bankers Life's claims. If Alshoubaki is correct that the restrictive covenant is unenforceable, he is free to file a motion to dismiss or for summary judgment.

**C. Alshoubaki's Income**

Bankers Life also seeks to compel Alshoubaki to produce information regarding the income he has received since his departure to ascertain its damages. In Production Request No. 11, Bankers Life seeks copies of income tax returns filed by Alshoubaki and any business organization for which he has any affiliation or ownership interest. Alshoubaki objected on the grounds that Request No. 11 is overbroad, unduly burdensome, and seeks information which is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. In Request for Production No. 12, Bankers Life seeks additional documents regarding income received by Alshoubaki or his wife from 2012 to the present. Request No. 12 asks for:

> All documents and electronically stored information, including, but not limited to, payroll checks and stubs, bank statements, canceled checks, and receipts, that disclose all actual or deferred income earned by you or your wife, Trisha Alshoubaki, from any source, or any other compensation or remuneration for services of any kind received by or accruing to you or to your wife from 2012 to the present, including, but not limited to, income from any employer, self-employment, business adventure, investment income, gifs, or any income supplement of any form.

Alshoubaki objected to Request No. 12 as being "overbroad in that it seeks information relating to a non-party to this case, unduly burdensome, and seek[ing] information which is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence." Interrogatory No. 11 asks Alshoubaki for "all sources of income for you and your wife, Trisha Alshoubaki, from any source since January 2012, and state the nature of each source of income, and the gross amount of each payment from the source." In response, Alshoubaki objected on the basis that Interrogatory No. 11 "seeks information which is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that it seeks information relating to the income of a non-party to this litigation."

Alshoubaki's response brief argues that these discovery requests are overbroad and seek irrelevant information. As to Bankers Life's request for income tax returns, Alshoubaki argues that tax returns are not relevant to proving damages because they show only the gross amounts of income Alshoubaki (or any company he owns or controls) received from various payors in a given year. Alshoubaki states that the tax returns will provide no details regarding the activities that income relates to, such as from commissions earned on policies sold to (now former) Bankers Life clients. Alshoubaki argues that Bankers Life has not shown that information relating to its potential

damages is unavailable from some other source. Bankers Life replies that its needs documents showing total income to confirm that the disclosed transactions add up to the reported total income totals.

Alshoubaki's objections are sustained in part and overruled in part. "Tax returns in the hands of the taxpayer are not privileged" or otherwise protected from discovery. Paulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992). "That is not to say that tax returns are discoverable for the asking. They are not. Like all other evidence sought in discovery, the returns must be relevant." Jackson v. N'Genuity Enterprises Co., 2010 WL 4928912, at *2 (N.D. Ill. Nov. 29, 2010). Bankers Life is entitled to discover the compensation received by Alshoubaki or his wife that was allegedly attributable to breaches of his restrictive covenants. Bankers Life has information that Alshoubaki is in business with his wife selling insurance, and Alshoubaki does not deny this allegation. The Unit Supervisor's contract provides that Alshoubaki "shall not, personally or *through the efforts of others*, attempt to induce . . . [a]ny policyholder of the Company to relinquish, surrender, replace, or lapse any policy issued by the Company." (emphasis added). Determining the income Alshoubaki and his wife received from allegedly breaching transactions is directly relevant to determining Bankers Life's damages. On the other hand, income that Alshoubaki and his wife may have received from non-insurance or non-financial product sales is not relevant to Bankers Life's claims. Bankers Life's Request No. 12 and Interrogatory No. 11 shall be limited to income earned by Alshoubaki or his wife based on the sale of insurance and/or financial products from 2012 to the present. As to Request No. 11, Alshoubaki shall produce the W-2 and 1099 Forms regarding the sale of insurance and/or financial products from 2012 to the present for Alshoubaki or any business organization for which he has any affiliation or ownership. If the produced financial documents and information prove insufficient to determine Bankers Life's damages, Bankers Life may renew this portion of its motion.

### D. Documents Relevant to Defense

In Request No. 10, Bankers Life requested "[a]ny and all documents relevant to, or upon which you will rely, in the assertion of your defenses or affirmative claims in connection with this matter." In his response, Alshoubaki stated that he would produce any responsive documents in his possession, custody or control. Alshoubaki now states that he has produced the only responsive document currently in his possession, custody and control, and he cannot produce that which he does not have. Alshoubaki further states that he will seasonably supplement his production if any other responsive documents come into his possession, custody or control. Alshoubaki shall provide an affidavit stating that there are no documents responsive to Request No. 10 in his possession, custody or control other than the one document previously produced.

**CONCLUSION**

For the reasons stated above, the Court grants in part, denies in part, and denies in part without prejudice Plaintiff Bankers Life and Casualty Company's Motion to Compel [29].

**Date: August 7, 2015**

/s/ Daniel G. Martin